UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

T2 SOLUTIONS, INC.,

                             Plaintiff,

            v.                                      PRETRIAL ORDER
                                                    04-CV-170A

ALLEN DATAGRAPH SYSTEMS, INC.,

                             Defendant.

═══════════════════════════════════


            Jury selection for trial of this matter is scheduled for

Wednesday, May 28, 2008, at 9:30 a.m.  A final pretrial conference is

scheduled in this matter for Tuesday, May 27, 2008, at  2:00 p.m.  The

attorneys who will try the case must attend the conference.

            On or before May 22, 2008, counsel are to provide the Court

with two sets of the required submissions listed below.  One set of the

required submissions should be filed with the Clerk of the Court and the

other should be delivered to the Court's chambers.  Each submission should

be filed under separate cover.

            1.  JURY INSTRUCTIONS:  The parties must supply copies of

their requested charges on the substantive issues.  (Each party should also

                                      1

provide to chambers a computer disk containing the requested charge.)  Each

charge is to be on a separate sheet of paper, in standard form, and contain

citations to the authority for the charge.  The proposed charges shall be

taken from L. Sand, et al., <u>Modern Federal Jury Instructions</u> (1998) or <u>New

York Pattern Jury Instructions</u> when New York law is applicable.  If a

suitable charge is not included in Sand or <u>Pattern Jury Instructions</u>, the

parties may submit an alternative charge, as long as it is supported by legal

authority.  The charges are to be presented in a logical sequence, and this

submission should include an index to the charges.

       The Court will use these charges to help formulate its own

charge.  If counsel fails to submit a charge, that charge will not be

considered by the Court.

       2.  <u>PRETRIAL BRIEFS OR OTHER MEMORANDA</u>:  The parties

shall submit memoranda of law outlining the facts and legal arguments to be

made.  The memoranda shall include any issues that the Court should

consider in order to expedite the trial, as well as any unusual or recurring

issues, such as evidentiary issues, that may arise at trial.  Any party wishing

to make a motion <u>in limine</u> should include such a motion, along with legal

authority, as part of this submission.

3.  <u>EXHIBITS</u>:  Each party shall submit a list of exhibits it anticipates using at trial.  The exhibits must be pre-marked numerically and any sub-exhibits should be pre-marked alphabetically.  The parties shall use the Court's form, copy of which is attached, in preparing the exhibit list. Failure to list an exhibit may result in preclusion of that exhibit at trial. Common exhibits should be stipulated into evidence and listed on a joint exhibit form.  When possible, other exhibits should also be stipulated into evidence.  The stipulation must be submitted to the Court.  (<u>See</u> Rule 29 of the U.S. District Court for the Western District of New York Local Rules of Civil Procedure ("Local Rules") for the stipulation procedure.)

Two copies of each documentary exhibit shall be provided to the Court at the pretrial conference.  Each set of copies shall be "tabbed" for reference and bound in a three-ring binder or in a similar fashion.

4.  <u>VOIR DIRE</u>:  Each party may submit up to ten proposed voir dire questions relating to any questions of law or fact that will be relevant to issues to be tried.  Additional questions will be considered only upon a showing of good cause.  The Court will conduct the voir dire.

5.  <u>WITNESS LIST</u>:  Each party must submit the names and addresses of all prospective witnesses and a brief summary of their

anticipated testimony, including the anticipated date and length of testimony.  The list must include rebuttal witnesses, but their anticipated testimony need not be summarized.  Failure to meet these requirements with respect to any witness may result in preclusion of testimony by that witness.

      6.  <u>EXPERT TESTIMONY</u>:  The identity, addresses, and a brief summary of the qualifications and testimony of all expert witnesses are to be supplied.  Counsel may enter into a written stipulation prior to the pretrial conference setting forth the qualifications of each expert witness.  Failure to include an expert witness on the expert witness list may result in preclusion of testimony by that witness.

      7.  <u>VERDICT FORM</u>: Each party is to submit a proposed verdict form, including any special interrogatories that are appropriate.

      8.  <u>DEPOSITION TESTIMONY</u>:  If a party intends to use deposition testimony during the course of the trial, that party's counsel must notify opposing counsel prior to the conference of the deposition testimony intended to be offered.  <u>See</u> Fed. R. Civ. P. 30.  Counsel should stipulate to the admissibility of such testimony and attempt to resolve any disputes prior to the conference.  To the extent disputes cannot be resolved, counsel shall submit written objections specifying the nature and bases for such

objections.  The objections shall be supported by legal authority.  Responses to such objections should be filed.  The Court will reserve ruling on the objections until the time of trial unless counsel indicate that an earlier resolution is necessary.

Counsel should also be prepared to discuss the narrowing of issues for trial and to cooperate in eliminating claims which are no longer germane.  The goal of the pretrial conference is to help make certain that the trial proceeds in a clear and orderly fashion.  The parties are to comply with this Order so that this goal will be attained.

IT IS SO ORDERED.

 S/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF UNITED STATES DISTRICT JUDGE

DATED: May 16, 2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EXHIBIT LIST

Case No. _____          _____ Plaintiff
Date:      _____          _____ Defendant

| Ex.# | Description | Date Marked for Ident. | In Evidence |
|------|-------------|------------------------|-------------|
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |